IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| CYNTHIA LOUISE PARTON,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>COLORADO FEDERAL SAVINGS BANK, et. al.,<br><br>　　　　Defendants. | CIVIL NO. 14-00022 DKW-KSC<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AMENDED CMPLAINT** |

**ORDER GRANTING DEFENDANTS' MOTION TO
DISMISS AMENDED COMPLAINT**

As in several other recent cases filed by Parton's counsel in this Court, Parton lacks standing to bring this suit and has not satisfied the amount in controversy requirement. *See Deshaw v. Mortgage Electronic Registration Sys., Inc.*, 2014 WL 3420771 (D. Haw. July 10, 2014); *Dimitrion v. Morgan Stanley Credit Corp.*, 2014 WL 2439631 (D. Haw. May 29, 2014); *Toledo v. Bank of New York Mellon, et al.*, CV 13-00539 DKW-KSC, Dkt. No. 45 (D. Haw. May 2, 2014); *Broyles v. Bank of America, et al.,* 2014 WL 1745097 (D. Haw. April 30, 2014); *Moore v. Deutsche Bank Nat'l Trust Comp., et al.*, 2014 WL 1745076 (D. Haw. April 30, 2014); *Wegesend v. Envision Lending Group, et al.*, 2014 WL 1745340 (D. Haw. April 30, 2014); *Dicion v. Mann Mortgage, LLC*, 2014 WL 1366151 (D. Haw. April 4, 2014); *Pascua v. Option One Mortgage Corp.*, 2014

WL 806226 (D. Haw. Feb. 28, 2014). Consequently, this Court lacks subject matter jurisdiction, mandating dismissal of the amended complaint (Dkt. No. 6).

## BACKGROUND

Parton has a mortgage on her residence. She "admits that she owes a debt secured by the Subject Property under the Note and the Mortgage; however, Ms. Parton has a legal duty to pay only the correct mortgagee." She asserts a single cause of action against the Defendants that she refers to as "quiet title: declaratory judgment." Through that cause of action, Parton seeks to obtain a declaration from this Court determining what interest, if any, the Defendants have in the Subject Property and to whom she should direct her mortgage payments. Complaint ¶ 2.

Defendants, the mortgagees and loan servicers on the mortgage, move to dismiss.

## STANDARD OF REVIEW

Although Defendants' motions are filed pursuant to Fed. R. Civ. P. 12(b)(6) and 8(a)(2), the Court "must determine that [it] ha[s] jurisdiction before proceeding to the merits." *Lance v. Coffman*, 549 U.S. 437, 439 (2007). Thus, the Court is "obligated to consider sua sponte whether [it] ha[s] subject matter jurisdiction." *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

A suit brought by a plaintiff without Article III standing is not a "case or controversy," and an Article III federal court therefore lacks subject matter jurisdiction over the suit. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 102 (1998). In order to establish standing, three requirements must be met:

> First and foremost, there must be alleged (and ultimately proved) an injury in fact—a harm suffered by the plaintiff that is concrete and actual or imminent, not conjectural or hypothetical. Second, there must be causation—a fairly traceable connection between the plaintiff's injury and the complained-of conduct of the defendant. And third, there must be redressability—a likelihood that the requested relief will redress the alleged injury. This triad of injury in fact, causation, and redressability constitutes the core of Article III's case-or-controversy requirement, and the party invoking federal jurisdiction bears the burden of establishing its existence.

*Id.* at 102–04 (internal citations and quotation marks omitted). *See Takhar v. Kessler*, 76 F.3d 995, 1000 (9th Cir. 1996) ("A plaintiff has the burden of establishing the elements required for standing.").

Even where a plaintiff has standing, subject matter jurisdiction must also be established. Jurisdiction founded on diversity (the basis for jurisdiction alleged by Parton here) "requires that the parties be in complete diversity and the amount in controversy exceed $75,000." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (per curiam); *see* 28 U.S.C. § 1332. Where, as here, declaratory or injunctive relief is sought, it is "'well established that the amount in controversy is measured by the value of the object of the litigation.'" *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) (quoting *Hunt v. Wash.*

*State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977)). The object of the litigation is "the value of the right to be protected or the extent of the injury to be prevented." *Jackson v. Am. Bar Ass'n*, 538 F.2d 829, 831 (9th Cir. 1976); *see also Ridder Bros., Inc. v. Blethen*, 142 F.2d 395, 399 (9th Cir. 1944) (stating that the "required amount [in controversy is] the value of the particular and limited thing sought to be accomplished by the action").

"[T]he party asserting diversity jurisdiction bears the burden of proof." *Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986).

## **DISCUSSION**

Parton lacks standing and has failed to satisfy the amount in controversy requirement necessary to establish diversity jurisdiction. Accordingly, the Court dismisses the amended complaint for lack of subject matter jurisdiction.

First, Parton has not alleged an injury-in-fact to sufficiently establish standing. Although Parton asserts a general concern that, without the Court's assistance, she "now faces the *possibility* of a wrongful foreclosure proceeding, a taking of her property, confusion as to who owns her mortgage debt, and a clouded title," Complaint ¶ 2 (emphasis added), she does not allege that any Defendant has *actually* initiated foreclosure proceedings or that more than one party has *actually* demanded payment on the same loan at the same time—allegations necessary to show actual injury. Consequently, as Judge Seabright concluded in *Dicion*:

> Absent such factual allegations, the potential for multiple liability or foreclosure is no more than mere speculation and falls far short of constituting an Article III injury-in-fact. Thus, Plaintiff's injury is no more than his own uncertainty regarding which Defendant is entitled to his mortgage payments. Such a subjective uncertainty is neither sufficiently concrete nor particularized to constitute an injury-in-fact.

2014 WL 1366151, at *4 (internal citations omitted); *see also Pascua*, 2014 WL 806226, at *4 ("At most, the injury-in-fact that Pascua suffers is the 'uncertainty' he says he has regarding what entity he is supposed to pay. It is not clear that this subjective feeling of uncertainty is sufficiently concrete and particularized to constitute an injury-in-fact. It is also not clear that Pascua's purported injury, such as it is, is caused by Defendants' conduct rather than by Pascua's own apparent inability to discern the nature of his obligations." (internal citation omitted)); *Broyles*, 2014 WL 1745097, at *4 ("[S]ince Plaintiff does not face foreclosure or multiple liability, any possible future injury is too conjectural or hypothetical, and her uncertainty of whom to pay is not sufficiently concrete or particularized, to constitute an injury-in-fact."). Indeed, there is nothing to suggest that Parton is or would be subject to liability to more than one party, as she apparently fears. Having alleged no injury-in-fact, and the Court declining to allow Parton to manufacture one, Parton lacks standing, depriving the Court of subject matter jurisdiction. *Steel Co.*, 523 U.S. at 102.[1]

---

[1] The Court also adopts the same reasoning and conclusion reached by Judge Seabright in *Dicion* for the second and third requirements of standing:

Second, the Court also lacks subject matter jurisdiction because the amount in controversy requirement necessary to establish diversity jurisdiction has not been satisfied. Parton alleges that "the amount in controversy is $866,620.00, which is the fair market value of the Subject Property." Complaint ¶ 8. However, as Judge Mollway discussed in *Pascua*:

> Here, the matter Pascua says he wants to accomplish does not implicate the entire debt or the value of the property. Although he styles his claim as one to "quiet title," Pascua does not allege that he holds title to the property free and clear of any debt obligation. Nor does Pascua seek to enjoin a foreclosure. In either such situation, the full debt or the property itself would be the object of the litigation, because the claimant would be trying to prevent paying the debt or losing the property. Pascua, by contrast, asks for a declaration to prevent him from feeling uncertainty as to whom to pay. He is not actually being asked to pay his acknowledged debt more than once. The amount in controversy is therefore the subjective value to Pascua of freeing him from that risk. Courts are often disinclined to speculate as to the monetary value of something so vague and amorphous as a feeling of uncertainty.

2014 WL 806226, at *5 (internal citations omitted).

Similarly here, Parton asks for a declaration to clarify her alleged confusion as to whom to pay. *See* Complaint ¶ 2 (asserting a "confusion as to who owns [Parton's] mortgage debt"). Therefore, the object of the litigation is not the value

---

> Furthermore, in the absence of a demand for payment from multiple Defendants, Plaintiff's uncertainty is not fairly traceable to any challenged action of the Defendants. Nor is Plaintiff's uncertainty likely to be redressed by a favorable decision.

2014 WL 1366151, at *5 (alterations, quotation marks, and citation omitted).

of the property, but is instead the value of relieving Parton's uncertainty.  *Dicion*, 2014 WL 1366151, at *6.  However, Parton has not even attempted to prove what the value of that uncertainty is, and the Court will not speculate.  In short, "because the true purpose of this action is neither to quiet title in favor of Plaintiff and against all Defendants, nor to stop an imminent foreclosure sale, simply requesting such relief cannot transform the object of litigation to the subject property." *Dicion*, 2014 WL 1366151, at *6 n.6.

Finally, the Court notes that even if the Court had subject matter jurisdiction, "Plaintiff['s] contention that they do not know to whom their debt is owed is not a basis to 'quiet title.'"  *Klohs v. Wells Fargo Bank, N.A.*, 901 F.Supp.2d 1253, 1261 n.4 (D. Haw. 2012).

## CONCLUSION

The Court hereby dismisses Parton's amended complaint (Dkt. No. 6) for lack of subject matter jurisdiction.  The Clerk of Court is directed to close the case.

IT IS SO ORDERED.

DATED:  September 15, 2014 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge

Parton v. Colorado Federal Savings Bank, et al.; CV 14-00022 DKW/KSC; ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT

7